# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                     Case No. 20-CR-216-JFH

FERNANDO MORENO,

           Defendant.

## OPINION AND ORDER

Before the Court is Defendant's pro se Motion, filed on June 10, 2024. Dkt. No. 51. Though Defendant's Motion has been docketed as Motion for Reduction of Sentence, it is in actuality a Motion to Reconsider, as this Court has previously denied a prior Motion for Sentence Reduction filed by Defendant, which asserted the same grounds for reduction of sentence asserted in Defendant's present Motion. Dkt. Nos. 49, 50.

Defendant asserts that he is entitled to reduction of his sentence because he should benefit from Amendment 821 and the new zero-point offender two-point level reduction set forth in §4C1.1 of the United States Sentencing Guidelines. However, this Court previously held that Defendant was not entitled to any sentence reduction because Defendant possessed a firearm in the course of committing the charged offense. *See*, §4C1.1 (a)(7); Dkt. No. 50.

Defendant now asks the Court to reconsider its prior Order, but Defendant does not assert any grounds for reconsideration; he simply raises the same argument that this Court has previously rejected. Motions to reconsider in criminal cases may be proper. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). But there must be a proper basis asserted for reconsideration. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Defendant has failed to

demonstrate that there is an appropriate basis for this Court to reconsider its prior Order denying Defendant's Motion for Sentence Reduction.

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Dkt. No. 51] is denied.

Dated this 27th day of September 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE