IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 20-CR-216-JFH

FERNANDO MORENO,

        Defendant.

## OPINION AND ORDER

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 57] filed by Defendant Fernando Moreno, pro se, on April 17, 2025. In response to Defendant's §2255 Motion, the Government has moved to vacate the motion as untimely. Dkt. No. 61. The Court has also reviewed Defendant's Letter, filed June 2, 2025, which is pertinent to this matter. For the reasons set forth herein, the Government's motion to vacate is granted, and Defendant's §2255 action is dismissed.

## PROCEDURAL HISTORY

On October 6, 2020, Defendant was named in an Indictment [Dkt. No. 13]; the Indictment charged Defendant with possession of methamphetamine and cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by an alien illegally in the United States. On February 12, 2021, Defendant pled guilty to possession of methamphetamine with intent to distribute, pursuant to a plea agreement between the parties. Dkt. No. 36. On May 25, 2021, Defendant was sentenced to a sentence of 87 months' imprisonment (the low end of the calculated sentencing guidelines) to be followed by a five-year term of supervised release. Dkt. No. 45. Defendant did not appeal his conviction or sentence.

Defendant transmitted his pro se §2255 Motion for filing on April 14, 2025, and it was filed on April 17, 2025. Dkt. No. 57.

The Government moves for dismissal of Defendant's §2255 Motion arguing that Defendant's Motion should be dismissed because it was untimely filed, and Defendant has not demonstrated that he is entitled to have the deadline equitably tolled.

## ANALYSIS

I. **Defendant's Motion should be dismissed as it was untimely filed, and Defendant has failed to demonstrate that he is entitled to equitable tolling of the filing deadline.**

The Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. §2255, establishes a one-year limitations period for the filing of motions under §2255; as applicable here, the limitations period begins to run "from the latest of … the date on which the judgment of conviction became final." Defendant's conviction became final when he failed to file an appeal within the 14 days allotted to him to do so. Fed. R. App. P. 4(b)(1)(A)(i). Defendant's conviction thus became final on June 10, 2021. Dkt. No. 45. As such, Defendant was obligated to file his Motion under §2255 on or before June 10, 2022. His §2255 Motion was not transmitted until April 14, 2025 – nearly three years too late. Dkt. No. 57.

Defendant, in correspondence filed of record on June 2, 2025, attempts to justify his late filing:

> After being sentenced I was moved to Oklahoma City, I was there for a month. Then I was in Tallahachi, Mississippi for three months, then I was back to Oklahoma City for another two months. I was then moved to Pecos, Texas, for seven months. Then it was Victorville, California for one week. I was in Mendotta, California for one year, then back to Victorville II for one week, then finally landed in Lompoc California Low II.
>
> I've been moved from prison to prison, which was impeded my ability to file the Motion § 2255, within a timely manner on top of that; Covid-19 made it even more difficult, if not impossible to access the law library and its resources.

Dkt. No. 62 at 1 (sic).

Defendant's claims, charitably viewed, attempt to establish entitlement to equitable tolling of the §2255 filing deadline. To show that he is entitled to equitable tolling of the deadline, Defendant must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *United States v. Tinsman*, 2022 U.S. App. LEXIS 21957, *5 (10th Cir. 2022)(unpublished).[1] "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Defendant has not carried his burden. Defendant provides no details regarding efforts that he made to comply with the one-year deadline, and he has accordingly failed to demonstrate that he diligently pursued his rights. Defendant has also not explained how his prison transfers specifically prevented him from filing his §2255 motion. See, e.g., *Clayton v. United States*, 2025 U.S. App. LEXIS 10408, *4-5 (6th Cir. 2025) (unpublished) (Covid-19 lockdowns and multiple prison transfers did not justify equitable tolling of §2255 deadline).

WHEREFORE, the Government's Motion to Dismiss Defendant's Untimely §2255 Motion [Dkt. No. 61] is hereby GRANTED, and Defendant's §2255 Motion [Dkt. No. 57] is accordingly DISMISSED.

Dated this 1st day of October, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A)